■ BROADBAND COMMUNICATIONS INCORPORATED, Appellant, v HOME BOX OFFICE, INC., Respondent.—Appeal from the order of the Supreme Court, New York County (David H. Edwards Jr., J.), entered on or about April 25, 1988, which granted a protective order striking plaintiff's notice to take the deposition of Michael Fuchs, is dismissed as superseded, without costs. Order of the same court and Judge, entered

June 22, 1989, which reinstated on reargument a protective order against the taking of such deposition, is affirmed, with costs.

In this action for breach of a licensing agreement, defendant alleges a prior breach by plaintiff, and the issue is whether such alleged prior breach entitled defendant to repudiate the agreement. Plaintiff sought to depose defendant's present chief executive officer (Fuchs) concerning his involvement in the negotiation of the agreement and decision to terminate it notwithstanding plaintiff's offers to cure, but Fuchs, in an affidavit, denied any such involvement. Neither the deposition testimony of Fuchs' predecessor. (Biondi), who negotiated the agreement with plaintiff, nor the hearsay testimony of defendant's former associate director (Schachter), who was involved in the decision to terminate, nor any negative inferences that might be drawn from Fuchs' own affidavit, is sufficient to support plaintiff's assertion that Fuchs participated materially in the negotiation of, or the decision to terminate, the licensing agreement. Accordingly, the issuance of a protective order to prevent harassment of a particular corporate officer was a proper exercise of discretion under CPLR 3106 (d). Concur— Ross, J. P., Carro, Wallach and Rubin, JJ.