■ ROYAL WEINBERGER, Plaintiff, v LENSCLEAN INCORPORATED et al., Defendants and Third-Party Plaintiffs-Respondents. AETNA CASUALTY AND SURETY COMPANY, Third-Party Defendant-Appellant. ROYAL WEINBERGER, Respondent, v LENSCLEAN INCORPORATED et al., Appellants. (And a Third-Party Action.) [603 NYS2d 148] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about May 15, 1992 which, to the extent appealed from, denied third-party defendant Aetna's motion for summary judgment to dismiss the third-party complaint, and the order, same court and Justice, entered February 3, 1993, which, *inter alia,* denied defendants' motion to renew a November 4, 1992 order which, after an *in camera* inspection, ordered plaintiff to produce his psychiatric records in redacted form, and with respect to that portion of the May 15, 1992 order which denied defendants' motion to depose plaintiff's psychiatrist, unanimously affirmed, with costs.

The IAS Court properly denied defendants' motion to depose

plaintiff's psychiatrist. In this case, the psychiatric report submitted by plaintiff's treating physician is sufficient to meet the requisites of CPLR 3101 (d) (1) by providing a clear idea of the nature of the testimony, as well as some basis for the diagnosis. In addition, defendants have failed to demonstrate any "special circumstances" which would support their request to depose plaintiff's treating physician (CPLR 3101 [d] [1] [iii]).

With respect to the third-party defendant insurer's motion to dismiss the third-party complaint, the IAS Court properly determined that the insurer failed to meet its burden of proving that the exclusionary provision, strictly and narrowly construed, applied in this case, and that it is subject to no other reasonable interpretation *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). Therefore, there was no basis to dismiss the third-party claim that, *inter alia,* the insurer is required to defend. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ.