■ CINDY DEJESUS, Appellant, v CITY OF NEW YORK et al., Respondents. [605 NYS2d 253] —Judgment, Supreme Court, New York County (Seymour Schwartz, J.) entered May 15, 1992, which dismissed the complaint for failure to make out a prima facie case, unanimously reversed, on the law, and the matter remanded for a new trial, without costs.

Over a year before the accident involved in this case, defendant the City of New York received notice pursuant to Administrative Code of the City of New York § 7-201 (c) of a sidewalk defect at the subject location. Subsequently, the adjacent landowners, who are also named as defendants and who enjoyed a special use and benefit in the area, made repairs by cementing over a one to two inch deep depression running along the side of a metal cellar door. These repairs are alleged to have been ineffective and to have soon deteriorated. The City never became aware that repairs were attempted and never inspected them to see whether they cured the defect. Nevertheless, the IAS Court held that these repairs absolved the City as a matter of law of any further liability for the original defect and, because the City had not received new notice after the repairs had deteriorated, dismissed the complaint against the City. We find that the IAS Court erred. The City is not absolved from liability for its failure to properly cure a hazardous condition by an inadequate repair made by the adjacent landowner.

As to the owners of the adjacent property, we find that the evidence was sufficient to make out a prima facie case establishing a causal relationship between the plaintiff's decedent's fall and the broken sidewalk. Plaintiff presented evidence showing that when decedent (whose subsequent death was unrelated to the within accident) was found lying on the sidewalk immediately after the fall, one of her feet was in the broken part of the pavement. In addition, expert testimony established that, because of decedent's prior existing hip condition, changes in the level upon which she walked made her particularly prone to losing her balance. Under these circumstances, there was sufficient circumstantial evidence from which the jury could infer that decedent's fall was caused by the defective pavement.

For these reasons, we find that the IAS Court erred in

dismissing the complaint for failure to make out a prima facie case. In light of this reversal we note that the court erred in admitting into evidence an entry in decedent's hospital record which indicated that her fall had been secondary to alcohol ingestion *(see, Williams v Alexander,* 309 NY 283). As decedent was not admitted to the hospital until the following day, this information was not relevant to her diagnosis and treatment *(cf., Campbell v Manhattan & Bronx Surface Tr. Operating Auth.,* 81 AD2d 529). Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.