■ CHRISTINE SAIEH, an Infant, by Her Parent and Natural Guardian, FRANTZ SAIEH, et al., Appellants, v BOBBY DEMETRO et al., Respondents. [607 NYS2d 405] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated December 6, 1991, as (1) denied so much of their motion as sought (a) discovery of the existence, if any, of excess insurance coverage of the individual defendants, (b) the deposition of the past and present Brooklyn Borough Engineers for the defendant New York City Department of Transportation, and (c) the deposition of an individual with knowledge of the municipal defendants' record destruction policy, and (2) granted the cross motion of the defendant City of New York for a protective order as to further depositions.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs failed to make the required detailed showing of the necessity of deposing the present Brooklyn Borough Engineer for the New York City Department of Transportation. They failed to establish that she had any personal knowledge of the information sought, or that her knowledge extended beyond the information already provided to them in documentary form (see, Colicchio v City of New York, 181 AD2d 528, 529; Schillaci v Jamaica Sav. & Loan, 90 AD2d 770). Thus, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' discovery request (see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403). We note that the former Brooklyn Borough Engineer has been deposed.

Nor did the court err in denying that branch of the plaintiffs' motion which was to compel the individual defendants to produce information as to the existence, if any, of excess insurance coverage, as the individual defendants could not be located and their representative, the insurer, provided the plaintiffs with all of the information in its possession.

We have considered the plaintiffs' remaining contention and find it to be without merit. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.