■ WILLIAM HALLAHAN et al., Respondents, v ASHLAND CHEMICAL COMPANY et al., Appellants, et al., Defendants. [654 NYS2d 443] —Mercure, J. Appeal from an order of the Supreme Court (Keniry, J.), entered February 9, 1996 in Saratoga County, which, *inter alia*, granted plaintiffs' motion to quash a subpoena served upon Stewart Silvers by defendant Sequa Corporation.

Plaintiff William Hallahan (hereinafter plaintiff) was employed as a machine maintainer at a Ball Metal Container Group facility in the City of Saratoga Springs, Saratoga County, from 1981 through 1992. In 1992 plaintiff was diagnosed as suffering from granulocytic leukemia and, contending that the illness was caused by workplace exposure to chemicals, commenced this products liability action against a number of suppliers of chemicals and machinery used at the Ball facility. During the discovery phase of the action, defendant Ashland Chemical Company served a demand pursuant to CPLR 3101 (d) (1) for the identity and expected testimony of plaintiffs' expert witnesses. Plaintiffs' response identified Stewart Silvers, a physician specializing in oncology and hematology who diagnosed plaintiff as suffering from chronic granulocytic leukemia (hereinafter CGL) and oversaw his treatment, including chemotherapy and bone marrow transplants, and Harold Zeliger, a chemist. According to plaintiffs' response, the witnesses' testimony was expected to include the opinion that plaintiff's leukemia was causally related to his exposure to chemicals at the Ball facility.

Thereafter, citing to the existence of "special circumstances" (CPLR 3101 [d] [1] [iii]), a number of the defendants sought to compel the oral deposition of Silvers and Zeliger. Plaintiffs resisted the effort, and Supreme Court ultimately concluded that defendants failed to demonstrate the existence of special circumstances to warrant an order directing that Silvers and Zeliger be deposed prior to trial. Defendants Ashland Chemical Company, The Glidden Company, PPG Industries Inc., SCM Corporation, BASF Corporation, Sequa Corporation and Reynolds Metal Company (hereinafter collectively referred to as defendants) appeal from the order entered thereon, and we affirm.

Defendants' claim of unique circumstances arises out of a chain of events commencing with Silvers' original opinion that plaintiff suffered from acute granulocytic leukemia (hereinafter AGL), a disease also suffered by another of Silvers' patients who was married to one of plaintiff's co-workers at Ball. Silvers' conclusion that plaintiff and the other patient constituted a

leukemia cluster of patients with a common source of exposure supported his opinion that the disease may have been caused by occupational exposure to toxins. However, Silvers' diagnosis of plaintiff's condition soon changed from AGL to CGL. Under the circumstances, defendants assert, Silvers must be deposed in order to ascertain how, despite his change in diagnosis, his opinion of causation could remain the same. In addition, because of the absence of known medical opinion linking CGL with chemical exposure, defendants assert that they must examine Silvers in order to establish his factual basis, objective findings or studies or any other medical or scientific information he observed in the course of examining and treating plaintiff and the other patient that suggests a link between the identified chemicals and CGL. The argument concludes with the assertion that, due to the "novelty" of the scientific evidence that Silvers and Zeliger propose to offer, a deposition should be conducted in order to determine whether a *Frye* hearing (*see, Frye v United States*, 293 F 1013, 1014) need be conducted.

We are not persuaded. Generally, courts are reluctant to permit an oral examination before trial of a party's expert in the absence of special circumstances (*see, Weinberger v Lensclean, Inc.*, 198 AD2d 58; *King v State Farm Mut. Auto. Ins. Co.*, 198 AD2d 748). Special circumstances permitting a deposition of an opponent's trial expert have been found to exist where, after having been examined by one party's expert, material physical evidence underlying a claim is lost or destroyed or otherwise becomes unavailable for further inspection (*see, Tedesco v Dry-Vac Sales*, 203 AD2d 873; *Rosario v General Motors Corp.*, 148 AD2d 108, 113) or where some other unique factual situation exists (*see, Mead v Benjamin*, 201 AD2d 796). We perceive no such compelling circumstances in this case. Rather, we view the circumstances cited to by defendants in support of their effort to depose plaintiffs' experts, i.e, that the experts' opinions are novel, unorthodox and unsupported in published scientific literature or studies, as nothing but a thinly veiled claim that their theories of causation are bunk and should be exposed as such at the earliest possible juncture. In addition, it should be noted that defendants have been granted access to all of Silvers' medical records with regard to his diagnosis and treatment of plaintiff and the other patient. To the extent that there is documented support for Silvers' diagnosis, it should exist in those records. Under the circumstances, we are not inclined to interfere with Supreme Court's broad discretion in determining the proper scope of discovery (*see, King v State Farm Mut. Auto. Ins. Co., supra*). Finally, we

are not persuaded that defendants' characterization of Silvers as a fact witness mandates a contrary result.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with one bill of costs.