■ K. S. et al., Appellants, v INCORPORATED VILLAGE OF GARDEN CITY et al., Respondents. [666 NYS2d 8] —In an action to recover damages, *inter alia*, for assault and sexual abuse, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), dated November 18, 1996, which denied

their motion to discover the handwritten notes of the expert of the defendant Incorporated Village of Garden City.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied that branch of the plaintiffs' motion which was to compel the expert of the defendant Incorporated Village of Garden City to turn over the handwritten recorded statements of the infant plaintiffs and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The plaintiffs are entitled to copies of those portions of the handwritten notes of the examining psychiatrist of the Incorporated Village of Garden City which contain the statements of the infant plaintiffs made to the examining psychiatrist and recorded by him for the purposes of this litigation (*see,* CPLR 3101 [e]; *DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 194, *cert denied sub nom. Poole v Consolidated Rail Corp.,* 510 US 816; *Sands v News Am. Publ.,* 161 AD2d 30, 40; *Sullivan v New York City Tr. Auth.,* 109 AD2d 879, 880). The Village is not otherwise required to provide the plaintiffs with the psychiatrist's notes upon which his detailed written report is based (*see, Pernice v Devora,* 238 AD2d 558; *King Elecs. v American Natl. Fire Ins. Co.,* 232 AD2d 273; *Weinberger v Lensclean Inc.,* 198 AD2d 58). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.