■ MARGARET SCHRODER, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and DIG WE WILL, INC., Appellant. [670 NYS2d 856] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered April 15, 1997, which quashed a subpoena to take the deposition of non-party witness Ann Curtin Ward, M.D. (Dr. Ward), unanimously reversed, on the law, without costs, and the motion to quash the subpoena denied.

This appeal arises out of personal injuries allegedly sustained by plaintiff, Margaret Schroder, on December 5, 1991, as a result of a slip and fall on a roadway repaired by defendants Consolidated Edison Company of New York (ConEd) and/or Dig We Will, Inc. (Dig).

During the course of discovery, plaintiff stated at her deposition on May 10, 1995 that her fall was precipitated by "broken, uneven pavement in the roadway," although she was not sure whether it was higher or lower than the rest of the street. She did not mention any manhole covers. Four months after the deposition, Dr. Ward, plaintiff's treating psychiatrist, released medical records to defendants, pursuant to authorizations. In a notation made on February 4, 1993, Dr. Ward had recorded that plaintiff related that she "tripped and fell on a ConEd metal plate".

Thereafter, Dig served a subpoena upon Dr. Ward to take a

deposition regarding that entry in her records. Plaintiff moved to quash the subpoena, asserting that Dig had failed to demonstrate any special circumstances justifying a deposition of the treating psychiatrist. Dig opposed the motion and cross-moved to compel Dr. Ward to appear for a deposition, arguing that plaintiff's account of the accident, as memorialized in Dr. Ward's records, was at odds with plaintiff's deposition testimony.

Upon consolidating the motion and cross-motion, the motion court quashed the subpoena on the ground that Dig had not demonstrated any special circumstances to depose the treating psychiatrist.

The motion court erred in requiring a showing of "special circumstances" to warrant the deposition of Dr. Ward. CPLR 3101 (a) (4) provides that there "shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" by a non-party, "upon notice stating the circumstances or reasons such disclosure is sought or required." There is no longer any necessity for "special circumstances" (see, BAII Banking Corp. v Northville Indus., 204 AD2d 223, 224-225). The Second Department cases cited by plaintiff in support of her argument that the "special circumstances" requirement survived the 1984 amendment of CPLR 3101 (a) (4) (see, e.g., Dioguardi v St. John's Riverside Hosp., 144 AD2d 333, 334) are in conflict with this Court's own decisions and are therefore not followed.

Plaintiff's reliance upon this Court's decision in Weinberger v Lensclean Inc. (198 AD2d 58) is misplaced. Citing the language of CPLR 3101 (d) (iii), this Court noted in Weinberger that "special circumstances" must be demonstrated in order to depose an expert witness to be called at trial (supra, at 59). However, Dr. Ward has not been designated as an expert witness, and Dig seeks her deposition solely with regard to plaintiff's account of the accident, not for any expert medical opinion regarding plaintiff's diagnosis or treatment.

Furthermore, the deposition of Dr. Ward is material and necessary to its defense of the action, since plaintiff's account of the accident as recorded by Dr. Ward (that plaintiff tripped on a ConEd metal plate) is in conflict with plaintiff's deposition testimony (that she fell on uneven pavement and did not see any manhole covers). The discrepancy in the two versions bears on which of the defendants might ultimately be held liable, as well as on plaintiff's credibility.

While plaintiff's statement to Dr. Ward would be admissible as an "admission by a party opponent" (Marine Midland Bank

*v Berry*, 123 AD2d 254, 256), the psychiatric record itself, containing that statement, would be inadmissible, since the manner in which the accident happened (pavement versus metal plate) was not relevant to diagnosis and treatment (*DeJesus v City of New York*, 199 AD2d 139, 140). Thus, the testimony of Dr. Ward would be necessary to bring the plaintiff's prior, inconsistent version of events before the jury (*see, Williams v Alexander*, 309 NY 283, 285-286). Similarly without merit is plaintiff's attempt to portray the discovery request as one seeking further medical information already available from other medical records; Dig has consistently affirmed that it seeks only to depose Dr. Ward regarding how plaintiff's accident occurred. Concur—Wallach, J. P., Rubin, Williams, Mazzarelli and Saxe, JJ.