RONALD H. ARENDT et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent. [704 NYS2d 346] —Carpinello, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 19, 1999 in Albany County, which partially denied plaintiffs' motion to compel disclosure.

In this discrimination action commenced by laid-off employees of defendant's corporate research and development division, plaintiffs moved to compel defendant to answer certain interrogatories, produce various documents pursuant to CPLR 3111 and produce its chief executive officer for a pretrial deposition. In a thorough and well-reasoned decision, Supreme Court partially granted the motion. Specifically, the court outlined each interrogatory for which plaintiffs sought an answer from defendant and made a ruling on each. In most instances, the motion was denied because plaintiffs failed to specifically request the information in the interrogatory, failed to identify with particularity how defendant's responses were incomplete or failed to identify with particularity the usefulness or need for the requested information. In denying plaintiffs' request for document production, Supreme Court determined that plaintiffs either failed to demand the requested records or documents (see, CPLR 3120 [a]) and/or failed to object to defendant's alleged noncompliance with CPLR 3111. As to plaintiffs' request to depose defendant's chief executive officer, Supreme Court found that plaintiffs failed to make the requisite detailed showing of the necessity for such deposition testimony.

Having reviewed the record, we are unable to conclude that Supreme Court abused its broad discretion in its supervision and control of disclosure (see, e.g., Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; Nutting v Ford Motor Co., 189 AD2d 1086, 1087). The court addressed plaintiffs' motion in detail and properly exercised its discretionary authority in rendering a ruling on each of plaintiffs' objections. In this regard, we are particularly unpersuaded that the court erred in denying plaintiffs' motion to depose defendant's chief executive officer. The record reveals that numerous managers or former managers of defendant were produced for deposition, including the individual primarily responsible for all layoff decisions (the senior vice-president of corporate research and development). Plaintiffs wholly failed to establish that the numerous managers already deposed, particularly the senior vice-president,

lacked sufficient knowledge of the facts to produce "material and necessary" evidence (CPLR 3101 [a]; *see, Defina v Brooklyn Union Gas Co.*, 217 AD2d 681) or, more importantly, that the chief executive officer actually possessed necessary and relevant information germane to their lawsuit such that he too should be produced (*see, e.g., Saieh v Demetro,* 201 AD2d 477; *Colicchio v City of New York*, 181 AD2d 528, 529; *see generally, Broadband Communications v Home Box Off.*, 157 AD2d 479).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.