■ RUTHMAN, MERCADANTE & HADJIS, P. C., Appellant, v KATHRYN O'K. NARDIELLO, Individually and as Executor of DONALD A. NARDIELLO, Deceased, Respondent. [732 NYS2d 455] —Cardona, P. J. Appeal from an order of the Supreme Court (Viscardi, J.), entered December 27, 2000 in Essex County, which granted defendant's motion for a protective order vacating subpoenas issued by plaintiff.

As described in this Court's prior decision (260 AD2d 904), the underlying action herein was commenced by plaintiff to recover legal fees allegedly owed by defendant and her late husband pursuant to a June 1993 retainer agreement. Plaintiff provided legal counsel to recover the assets of Adirondack Network Systems, Inc. (hereinafter ANS) after ANS defaulted on an agreement to pay for its purchase of the assets of WIRD, Inc., a corporation owned by defendant and her husband. The retainer specified that if successful, plaintiff would be entitled to one third of the value of the assets recovered. After plaintiff instituted a CPLR article 76 proceeding and succeeded in recovering certain assets, it presented defendant with a $113,000 bill for its services, one third of $339,000, "the minimum value [plaintiff] agreed to accept as the valuation of

ANS."* Defendant paid plaintiff a total of $29,250, but ceased payment for any fee beyond that sum, prompting the commencement of this action.

Plaintiff initially moved for summary judgment based on the retainer agreement, but Supreme Court denied the motion. This Court affirmed, holding, *inter alia*, that triable issues of fact existed regarding the valuation of the recovered assets (260 AD2d 904, *supra*). Discovery in the action continued under a scheduling order until plaintiff served subpoenas for depositions of James Brooks, defendant's attorney prior to 1993, Timothy Nardiello, defendant's son and ANS' corporate secretary, and Douglas Hoffman, defendant's accountant, who was also disclosed by defendant as her expert witness. Defendant moved for a protective order and Supreme Court granted the motion vacating the subpoenas resulting in this appeal.

While the disclosure provisions of the CPLR are to be liberally construed, it is well settled that trial courts, because of their obvious familiarity with the matters at hand, have broad discretionary authority to control discovery and disclosure and are in the best position "to determine what is 'material and necessary' as that phrase is used in CPLR 3101 (a)" (*NBT Bancorp v Fleet/Norstar Fin. Group*, 192 AD2d 1032, 1033; *accord, Jackson v Dow Chem. Co.*, 214 AD2d 827, 828; *see, Saratoga Harness Racing v Roemer*, 274 AD2d 887, 888). Thus, absent a clear abuse of discretion, determinations regarding such issues will not be disturbed on appeal (*see, Saratoga Harness Racing v Roemer*, *supra*, at 888).

Here, we find no basis to disturb Supreme Court's order. With respect to Hoffman, defendant's accountant and proposed expert witness, we note that "courts are reluctant to permit an oral examination before trial of a party's expert in the absence of special circumstances" (*Hallahan v Ashland Chem. Co.*, 237 AD2d 697, 698; *see*, CPLR 3101 [d] [1] [iii]). Such circumstances exist where physical evidence is "lost or destroyed" or "where some other unique factual situation exists" (*Hallahan v Ashland Chem. Co.*, *supra*, at 698), such as proof "that the information sought to be discovered cannot be obtained from other sources" (*Dioguardi v St. John's Riverside Hosp.*, 144 AD2d 333, 334). Rather than detailing such special circumstances, plaintiff has merely alleged that Hoffman's testimony would be "relevant" to the valuation of the ANS assets recovered. Regardless of the accuracy of that statement, however, "[m]ore than mere relevance and materiality is necessary to warrant

---

* In its first cause of action, plaintiff asserts that the "fair and agreed value" of ANS' recovered assets was $742,250.

disclosure from a nonparty" (*id.*, at 334-335). Significantly, Supreme Court noted that plaintiff was already in possession of financial statements necessary to determine value and plaintiff could select its own expert, if necessary. Given plaintiff's omission to elucidate compelling circumstances justifying its request, we must conclude that no abuse of discretion has been presented.

As for the requests to depose Nardiello and Brooks as nonparty witnesses, plaintiff has not provided the necessary rationale to show that the testimony of either person would add to the information already elucidated from defendant in the course of discovery. Notably, plaintiff has not asserted that Nardiello, in his capacity as ANS corporate secretary, has greater knowledge of the relevant financial matters than defendant, who was the corporate treasurer for ANS and was deposed prior to issuance of the subpoenas. Since plaintiff has failed to show that defendant had insufficient knowledge or did not adequately relay any pertinent information (*see, Pisano v Door Control*, 268 AD2d 416), we conclude that the vacating of the subpoena directed at Nardiello was not an abuse of discretion.

Lastly, in reference to the Brooks subpoena, we note that the deposition was sought on the basis that he allegedly "assisted plaintiff in the preparation of the [CPLR article 76] proceeding filed by plaintiff on [defendant's] behalf." Regardless of whether plaintiff is correct in asserting that not all of Brooks' proposed testimony would be precluded due to attorney-client privilege, the record reflects that defendant has already disclosed relevant documentary and testimonial evidence regarding the information that plaintiff seeks. Moreover, plaintiff has failed to elucidate any reason, such as missing information, for demanding the deposition. Given the lack of adequate proof that the information sought is "material and necessary" (CPLR 3101 [a]; *see, Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406-407), we decline to disturb Supreme Court's discretion.

Mercure, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.