■ DIANNE M. WALSH, Appellant-Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent-Appellant. [734 NYS2d 710] —Spain, J. Cross appeals from an order of the Supreme Court (Nolan, Jr., J.), entered August 17, 2000 in Saratoga County, which, *inter alia*, partially denied plaintiff's motion to compel discovery and partially denied defendant's cross motion for a protective order.

On January 24, 1994, plaintiff sustained personal injuries when the vehicle she was operating, which was insured by defendant, was involved in an accident. She subsequently filed a no-fault application and submitted her claims to defendant, which denied certain no-fault benefits under the policy. Plaintiff thereafter commenced this action to recover benefits pursuant to her insurance policy with defendant which provided no-fault insurance coverage, alleging that defendant breached her contract of insurance by failing to honor her claim for no-fault benefits and that defendant violated General Business Law § 349.

Following joinder of issue, plaintiff moved pursuant to CPLR 3124 and 3126 for an order requiring defendant to comply with her notice for discovery and inspection, seeking disclosure of any claim files coded "red" between the years 1993 to 1998 pur-

suant to defendant's "no-fault initiative" processing policy. Plaintiff, who had deposed a corporate representative selected by defendant, also sought to depose a second corporate witness, the claims supervisor who plaintiff alleges was principally responsible for denying her no-fault claim. Defendant cross-moved pursuant to CPLR 3103 for a protective order preventing it from having to produce its red-coded files or a second corporate witness for deposition.

Supreme Court concluded that plaintiff failed to demonstrate the relevance of the content of the red-coded files to her cause of action under General Business Law § 349 and, therefore, denied plaintiff's motion to compel discovery of those files. The court held, however, that the claims supervisor, whom plaintiff sought to depose, directly participated in the denial of the benefits at issue and that her deposition was clearly appropriate. To that extent, the court granted plaintiff's motion to compel discovery and denied defendant's cross motion for a protective order. Plaintiff and defendant both appeal, and we affirm.

First, with respect to plaintiff's request to depose defendant's claims supervisor, Supreme Court determined that the sought-after disclosure was "material and necessary" for the prosecution of plaintiff's action (CPLR 3101 [a]; *see, Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *see also, Kavanagh v Ogden Allied Maintenance Corp.*, 92 NY2d 952, 954) and clearly appropriate. " '[T]he trial court is invested with broad discretion to supervise discovery and to determine what is "material and necessary" as that phrase is used in CPLR 3101 (a)' " (*Dolback v Reeves*, 265 AD2d 625, 626, quoting *NBT Bancorp v Fleet/Norstar Group*, 192 AD2d 1032, 1033), and we will accord deference to that determination unless a clear abuse is shown (*see, Allen v Krna*, 282 AD2d 946, 947; *Matter of Pyramid Crossgates Co. v Board of Assessors*, 287 AD2d 866). We perceive no basis, on this record, to disturb the court's discretionary determination that the corporate employee who was directly responsible for defendant's denial of the claim at issue possessed necessary and relevant information germane to this action, and should therefore be produced (*see, Allen v Crowell-Collier Publ. Co., supra,* at 406-407; *Arendt v General Elec. Co.*, 270 AD2d 622, 622-623).

Further, we agree with Supreme Court's conclusion that plaintiff has not demonstrated that the contents of defendant's claim files which were red coded are relevant to her claim that defendant engaged in deceptive practices in violation of General Business Law § 349. A party seeking to recover under sec-

tion 349 must, as a threshold, allege that the defendant's acts or practices have a broad impact on consumers at large (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 320), and plaintiff has not sufficiently alleged or demonstrated that the practice of classifying no-fault claims into three categories requiring different levels of scrutiny is deceptive or has caused harm to the public at large (*see, id.; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25). Although plaintiff alleges that she needs to examine the red-coded files to establish whether any deceptive practices were aimed at consumers at large, discovery is not to be used to determine if a cause of action exists (*see, Matter of Byramain v Stevenson*, 278 AD2d 619, 620; *Matter of Decrosta v State Police Lab.*, 182 AD2d 930, 931). Accordingly, Supreme Court properly denied that portion of plaintiff's motion seeking to compel discovery of defendant's red-coded files.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.