■ THOMAS HUNTER, Respondent, v ECO LAB, INC., Appellant. [753 NYS2d 399] —Mercure, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered October 24, 2001 in St. Lawrence County, which, inter alia, denied defendant's motion to compel disclosure.

Plaintiff suffered the injuries that formed the basis of this action when he was splashed with caustic dishwashing detergent while attempting to refill a detergent dispenser manufactured by defendant. Plaintiff commenced this action in July 1995 alleging that the dispenser was defective and, following joinder of issue, the discovery process commenced. Defendant served plaintiff with a set of interrogatories that focused on the nature of any alleged defect in its product, but also included three interrogatories demanding expert disclosure. When plaintiff's answers did not include expert disclosure and described the alleged defect in only general terms, defendant served plaintiff with a second, more specific, set of interrogatories. Defendant again found plaintiff's answers to be unsatisfactory and moved for an order compelling plaintiff to provide complete answers to its interrogatories, including its demand for expert disclosure. Supreme Court, as relevant here, denied defendant's motion and established a schedule for expert disclosure by both parties. Defendant appeals, and we affirm.

A trial court has broad discretion to supervise discovery and its determinations will not be disturbed absent an abuse of discretion (*see Arendt v General Elec. Co.*, 270 AD2d 622; *Gardner v Kawasaki Heavy Indus.*, 213 AD2d 840, 841). We agree with Supreme Court that plaintiff's responses sufficiently described the nature of the alleged defect in the dispenser "so as to define the issues and to permit defendant to prepare a defense at trial" (*Cramer v Kuhns*, 192 AD2d 893, 894), and we reject defendant's belated objection to plaintiff's failure to verify those responses because it did not exercise "due diligence" in notifying plaintiff of these defects (CPLR 3022; *see Matter of Lentlie v Egan*, 94 AD2d 839, 840, *affd* 61 NY2d 874; *Air N.Y. v Alphonse Hotel Corp.*, 86 AD2d 932; *see also Matter of Miller v Board of Assessors*, 91 NY2d 82, 86). Finally, Supreme Court acted well within its discretion when it directed both parties to provide expert disclosure.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.