■ ISRAEL CRESPO, Respondent, v MONTEREY ASSOCIATES (LTD. PARTNERSHIP) et al., Appellants. [753 NYS2d 373] —Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about June 18, 2002, which denied defendants' motion to compel deposition testimony of a nonparty witness, unanimously reversed, on the law and the facts, without costs, and the motion granted.

Plaintiff claims he sustained injuries to his ankle when he slipped and fell inside certain premises owned and managed by defendants. Following the accident, plaintiff stayed with his brother until his cast was removed and then moved back home with his alleged "common-law wife," Andrea Santiago.

Ten days after plaintiff's deposition, defendants served Ms. Santiago with a judicial subpoena of nonparty witness. She did not appear, and defendants thereafter moved to compel her deposition testimony. Defendants urged that her testimony was relevant, material and necessary to their defense because she was a witness to plaintiff's alleged injuries, physical complaints and limitations. The motion court denied the motion, regrettably, without explanation.

We find that the testimony of Ms. Santiago, with whom plaintiff resided since his cast was removed, is "material and necessary" to plaintiff's physical condition, especially in light of

plaintiff's own contradictory statements regarding his condition following the accident (*see* CPLR 3101 [a]; *Schroder v Consolidated Edison Co. of N.Y.*, 249 AD2d 69, 70-71 [1998]). Concur—Mazzarelli, J.P., Buckley, Williams, Friedman and Marlow, JJ.