■ LINDA S. GIBSON et al., Respondents, v ENCOMPASS INSURANCE COMPANY, Appellant. [804 NYS2d 226]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered April 15, 2005. The order denied defendant's motion seeking to strike plaintiffs' notice to produce and seeking a protective order.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover supplementary underinsured motorist (SUM) coverage pursuant to an automobile liability insurance policy issued by defendant. Supreme Court properly denied that part of defendant's motion seeking to strike plaintiffs' notice to produce defendant's file regarding plaintiffs' SUM claim. The court did not abuse its broad discretion in determining "that the sought-after disclosure was 'material and necessary' for the prosecution of plaintiff[s'] action" (*Walsh v Liberty Mut. Ins. Co.*, 289 AD2d 842, 843 [2001], quoting CPLR 3101 [a]). The disclosure request was not "palpably improper" (*Zambelis v Nicholas*, 92 AD2d 936 [1983]; *see Salwen Paper Co., Profit Sharing Retirement Trust v Merrill Lynch, Pierce, Fenner & Smith*, 110 AD2d 895, 896 [1985]), and defendant's contentions that the file contains material exempt from disclosure are raised for the first time on appeal and are

thus not preserved for our review (*see Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943, 944-945 [1988]). In any event, defendant failed to meet its burden of establishing that the file contains material that is privileged or otherwise exempt from discovery (*see Bombard v Amica Mut. Ins. Co.*, 11 AD3d 647, 648 [2004]; *McCarthy v Klein*, 238 AD2d 552, 553-554 [1997]).

The court also properly denied that part of defendant's motion seeking a protective order to prevent the deposition of defendant's underinsurance claim representative. We perceive no basis to disturb the determination that defendant's representative possesses "material and necessary" information regarding the action (CPLR 3101 [a]; *see Walsh*, 289 AD2d at 843). Present—Green, J.P., Gorski, Smith, Lawton and Hayes, JJ.