■ RALPH F. BOHLKE et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent. [810 NYS2d 583]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered March 21, 2005 in Albany County, which denied plaintiffs' motion to compel discovery.

Plaintiffs commenced this age discrimination action in 1997 and defendant reportedly produced more than 8,000 pages of documents in response to various disclosure demands during the ensuing years. The parties nevertheless frequently quibbled over disclosure, resulting in repeated intervention by Supreme Court. In October 2004, following a conference regarding pending disclosure issues, the court directed that all disclosure must be completed by January 16, 2005. The court "cautioned [plaintiffs] not to make a new set of requests for essentially the same discovery materials again" and added that "[a]ny future discovery demands need to be fashioned so they are material and relevant to the remaining claims." On January 5, 2005, plaintiffs served their second supplemental demands for documents. Defendant refused to comply with the demands, asserting that the demands were duplicative of prior demands and also untimely since they did not afford adequate time to respond prior to the court-ordered deadline. Plaintiffs' motion to compel was denied by Supreme Court, which found the demands untimely, duplicative and directed toward the disparate impact cause of action that had already been dismissed. Plaintiffs appeal.

We affirm. It is well settled that the trial court has broad discretion in supervising disclosure and its determination will not be disturbed on appeal absent an abuse of discretion (see Mora v RGB, Inc., 17 AD3d 849, 851 [2005]; Pucik v Cornell Univ., 4 AD3d 686, 687 [2004]; Hunter v Eco Lab, 301 AD2d 806, 806 [2003]). Supreme Court's determination that the demands were not timely is consistent with its October 2004 or-

der, which directed not merely a final date by which to serve demands, but a date by which disclosure was to be completed. Plaintiffs' demands did not allow the statutorily prescribed time for a response before the court-ordered deadline (*see* CPLR 3122) and, given the protracted nature of the underlying matter, which has resulted in conferences and numerous motions regarding disclosure, it was not unreasonable for Supreme Court to require strict adherence to its timetable. Moreover, review of the demands reveals minimal tailoring from earlier demands that had been found to be both overly broad and not relevant to the remaining issues. We are unpersuaded that Supreme Court abused its broad discretion in not permitting this additional disclosure under the circumstances.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, with costs.