■ ANDREW FELDMAN et al., Respondents-Appellants, v NEW YORK STATE BRIDGE AUTHORITY, Appellant-Respondent. [836 NYS2d 358]—

Spain, J. Cross appeals from an order of the Supreme Court (Work, J.), entered August 18, 2006 in Ulster County, which partially denied plaintiffs' motion to, inter alia, preclude defendant from presenting expert testimony.

Plaintiff Andrew Feldman and his wife, derivatively, commenced this negligence action to recover for personal injuries he sustained on June 28, 2003 when he collided with a toll booth gate arm that allegedly lowered prematurely due to either operator error or a mechanical malfunction. The accident occurred while plaintiff was traveling on his motorcycle through a toll plaza located at the entrance to the Newburgh Beacon Bridge on Interstate 84 in the City of Beacon, Dutchess County. During

discovery, plaintiffs deposed defendant's employee, the supervisor of electronic technicians for the toll facility. The supervisor's testimony suggested that certain recorded computer data—specifically, the Vehicle Queue and Treadle files (hereinafter the Q & T data)—for this toll booth's operation on the date in question was no longer available. Consequently, plaintiffs did not further pursue this data during discovery.

After the note of issue and certificate of readiness were filed, defendant submitted an expert witness disclosure statement, which revealed that the Q & T data was in fact available and relied upon by defendant's proposed expert. Thereafter, defendant apparently moved to prevent—as untimely—plaintiffs from presenting certain expert testimony, while plaintiffs cross-moved seeking, among other things, to preclude defendant's use of the Q & T data and/or to compel the production of this data along with any other documents relied upon by defendant's expert in formulating his opinion.

In June 2006, Supreme Court partially granted plaintiffs' cross motion, ordering defendant "to produce the hard copies of computer records of sensor and toll operator input concerning plaintiff's passage through the toll area" (see CPLR 3101 [a]; 22 NYCRR 202.21 [d]). The court explained that "the records may be critical in determining whether the toll barrier dropped prematurely or rose slowly, directly impacting issues of liability." The court found that this belated discovery was warranted as plaintiffs had not learned of the existence of the records until after the note of issue was filed, which was excusable.

In response, defendant produced the Q & T raw data, which proved indecipherable without further explanatory information to plaintiffs' expert, who opined that these computer files were a "data dump." In response, by letter of July 14, 2006, plaintiffs made a request—significant for purposes of this appeal—for specific itemized information to explain and interpret these computer files. Defendant denied plaintiffs' request as untimely and not court-ordered.

Plaintiffs thereafter moved by order to show cause for an adjournment of the trial date and to preclude the expert's testimony, to prohibit defendant from presenting the Q & T data along with any other documents relied upon by the expert, to compel defendant to disclose the material used by the expert to explain and interpret the data, and to allow plaintiffs to depose defendant's expert. Supreme Court denied most of the relief sought by plaintiffs, but adjourned the trial and ordered defendant to respond to plaintiffs' July 14 inquiry, explaining that the court had not anticipated—when it issued its prior or-

der—that the computer data would be indecipherable to plaintiffs' expert. Plaintiffs and defendant now cross-appeal, and we affirm.

Plaintiffs primarily argue on appeal that, in denying much of the relief requested in their latest motion, Supreme Court erred in overly limiting discovery and allowing it to proceed piecemeal. Notably, however, Supreme Court "has broad discretion in supervising disclosure and its determination will not be disturbed on appeal absent an abuse of discretion" (*Bohlke v General Elec. Co.*, 27 AD3d 924, 924 [2006]; *accord Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988 [2006]).

With regard to Supreme Court's decision to limit the relief to ordering defendant to provide the discovery information requested in plaintiffs' July 14 letter, we find no abuse of discretion. Plaintiffs, aided by their own computer expert, had made that specific itemized request for information after receiving the raw computer data and having it reviewed by their expert; plaintiffs represented that provision of this additional information would cure the fact that the data was meaningless in its present, raw form. Thus, the court reasonably concluded on the instant motion that provision of that additional information would render the raw data decipherable and interpretable to plaintiffs' expert. Having determined that "unusual or unanticipated circumstances" developed subsequent to the filing of the note of issue (*see* 22 NYCRR 202.21 [d]; *see also Audiovox Corp. v Benyamini*, 265 AD2d 135, 138 [2000]), the court acted well within its discretion in concluding, at this juncture, that this specific additional information was the only information that was "material and necessary" to plaintiffs' prosecution of this action (CPLR 3101 [a]; *see Walsh v Liberty Mut. Ins. Co.*, 289 AD2d 842, 843 [2001]).

Likewise, there is no merit to defendant's claim, raised on its own appeal, that plaintiffs' motion had not requested answers to those July 14 inquiries. Plaintiffs specifically requested that Supreme Court order defendant "to produce the documents and material relied upon by [defendant's] expert . . . in interpreting computer data and material that otherwise explains the computer data produced." Plaintiffs' inquiries clearly fall within the ambit of that request.

In view of the foregoing, however, we cannot conclude that special circumstances exist at this time that rendered improvident Supreme Court's denial of plaintiffs' request to depose defendant's expert (*see* CPLR 3101 [d] [1] [iii]; *see also Ruthman, Mercadante & Hadjis v Nardiello*, 288 AD2d 593, 594

[2001]; *cf. Woods v Daniella Realty Corp.*, 15 AD3d 231, 231 [2005]), or to compel production of further information or documents upon which the expert relied beyond the expert witness disclosure (*see* CPLR 3101 [d] [1] [i]). In the event that the information that defendant provides in response to plaintiffs' July 14 letter does not enable plaintiffs' expert to decipher and interpret the previously disclosed raw data, we leave it to Supreme Court to fashion an appropriate remedy or sanction. Indeed, Supreme Court retains the power to compel the deposition or further disclosure by defendant's expert (or another nonparty witness),* or to allow plaintiffs to supplement their expert disclosure demand and compel defendant to supplement its responses (*see Ruthman, Mercadante & Hadjis v Nardiello, supra* at 594-595; *Hallahan v Ashland Chem. Co.*, 237 AD2d 697, 698 [1997]).

Finally, under these circumstances, we are not persuaded by plaintiffs' contention that Supreme Court abused its discretion in denying their request to preclude defendant from presenting its expert's testimony or the Q & T data based upon defendant's alleged obstructionist behavior (*see Mead v Dr. Rajadhyax' Dental Group*, 34 AD3d 1139, 1140 [2006]; *Esteva v Catsimatidis*, 4 AD3d 210, 210-211 [2004]).

Cardona, P.J., Crew III, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* While plaintiffs argue on appeal that they should be permitted to further depose defendant's supervisor, who had apparently assisted defendant's expert in interpreting the data, we note that this was not part of plaintiffs' motion.