CHRISTAKIS SHIAMILI, Individually and on Behalf of ARDOR REALTY CORP., Respondent, v THE REAL ESTATE GROUP OF NEW YORK, INC., et al., Appellants. [892 NYS2d 52]—

This is an action for defamation and unfair competition by disparagement based on comments posted on an Internet Web site. It is alleged that defendants "administer and choose" the content for the Web site at issue here, available to and accessed by members of the public interested in New York City real estate, and that they further published numerous false and defamatory statements on the site damaging to plaintiff personally and to his reputation as a businessman, as well as to Ardor.

The CDA provides: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider" (47 USC § 230 [c] [1]), and "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section" (§ 230 [e] [3]). Congress thereby granted Internet services immunity from liability for publishing false or defamatory material so long as the information was provided by another party. Therefore, "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred" (*Zeran v America Online, Inc.*, 129 F3d 327, 330 [4th Cir 1997], *cert denied* 524 US 937 [1998]; *see also Chicago Lawyers' Comm. for Civ. Rights Under Law, Inc. v Craigslist, Inc.*, 519 F3d 666 [7th Cir 2008]; *Green v America Online [AOL]*, 318 F3d 465, 470-471 [3d Cir 2003], *cert denied* 540 US 877 [2003]). The CDA thus treats Internet publishers differently than it does corresponding authors in print, television and radio (*see Batzel v Smith*, 333 F3d 1018, 1026-1027 [9th Cir 2003], *cert denied* 541 US 1085 [2004]).

However, the immunity provided by the CDA applies only where the information that forms the basis of the state law

claim has been provided "by *another information content provider*" (47 USC § 230 [c] [1] [emphasis added]). "Information content provider" is defined in the statute as "any person or entity that is responsible, *in whole or in part, for the creation or development of information* provided through the Internet or any other interactive computer service" (§ 230 [f] [3] [emphasis added]). Accordingly, an interactive computer service provider remains liable for its own speech (*Universal Communication Sys., Inc. v Lycos, Inc.*, 478 F3d 413, 419-420 [1st Cir 2007]), or for its material contribution to the content of a third party's statement (*see Fair Hous. Council of San Fernando Val. v Roommates.Com, LLC*, 521 F3d 1157 [9th Cir 2008]). However, the " 'development of information' . . . means something more substantial than merely editing portions of an e-mail and selecting material for publication" (*Batzel*, 333 F3d at 1031).

Plaintiff's claim is barred by the CDA. The complaint makes no allegation that defendants authored any defamatory statements. It merely alleges that defendants "choose and administer content" that appears on the Web site. This is precisely the kind of function that the CDA immunizes (*see e.g. Fair Hous. Council*, 521 F3d at 1173-1174; *Batzel*, 333 F3d at 1031). Even accepting as true all of plaintiff's allegations and giving it the benefit of all favorable inferences (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), the complaint does not raise an inference that defendants were "information content providers" within the meaning of the CDA. Plaintiff argues that defendants engaged in a calculated effort to encourage, keep and promote "bad" content on the Web site. However, message board postings do not cease to be data "provided by another information content provider" merely because "the construct and operation" of the Web site might have some influence on the content of the postings (*see Universal*, 478 F3d at 422; *see also Chicago Lawyers' Comm.*, 519 F3d at 671-672; *Carafano v Metrosplash.com. Inc.*, 339 F3d 1119, 1124-1125 [9th Cir 2003]).

Where, as here, there is no allegation that defendants authored the defamatory statements, it is not appropriate to permit discovery to determine if a cause of action exists (*see Walsh v Liberty Mut. Ins. Co.*, 289 AD2d 842, 844 [2001]; *see also Universal*, 478 F3d at 425-426; *cf. Fair Hous. Council*, 521 F3d at 1174). Concur—Tom, J.P., Andrias, Saxe, McGuire and Manzanet-Daniels, JJ.