■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. LAWRENCE BERNARD et al., Respondents, v BROOKFIELD PROPERTIES CORPORATION, Defendant, and COLGATE-PALMOLIVE COMPANY, Appellant. LORI KONOPKA-SAUER et al., Respondents, v COLGATE-PALMOLIVE COMPANY, Appellant. [928 NYS2d 513]—

Colgate seeks to question Dr. Sanborn about a hobby alleg-edly involving asbestos that she mentioned in her consultation note on Karen Tedrick. Dr. Sanborn wrote that "[Tedrick's] father had some sort of hobby activity or other project in the family basement as the patient was growing up, which the patient's brother reports did involve having asbestos in the basement." Tedrick's brother, Richard Konopka, has already been deposed, however, and testified that this hobby referred to a chemistry set that he owned as a teenager. Because the infor-mation sought from Dr. Sanborn is available from another source, we agree with the motion court that Dr. Sanborn's dep-osition should not be compelled (see Ramsey v New York Univ. Hosp. Ctr., 14 AD3d 349 [2005]; CPLR 3101 [a] [3], [4]).

Colgate seeks testimony from Tedrick's physicians about what Tedrick's chances for a full recovery would have been with traditional "multimodality" treatment instead of the alterna-tive, naturopathic treatment she appears to have pursued. However, the information sought relates directly to diagnosis and treatment (see Ramsey, 14 AD3d at 350). Moreover, the physicians' records are available for review by Colgate's experts, who can offer their own testimony as to Tedrick's chances with conventional medical treatment.

Colgate seeks information from Shelly Bernard's treating physicians about Bernard's initial diagnosis of ovarian cancer (peritoneal mesothelioma was subsequently diagnosed). How-ever, this information is available not only in the physicians' records but also, and more directly, in the pathology records and tissue samples already in Colgate's possession.

Colgate seeks to depose the pathologists who diagnosed the

ovarian cancer and peritoneal mesothelioma. While the pathologists' records and the tissue samples upon which they are based may constitute an adequate alternative to deposing the pathologists, the precise nature of Bernard's affliction appears central to the resolution of this dispute. In view of the particular circumstances of this matter, we exercise our discretion in favor of further disclosure into a potentially dispositive issue.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.