*469 Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered January 29, 2013, which granted plaintiffs motion to quash three subpoenas issued by Otis Elevator Company seeking to depose plaintiff’s treating physicians and awarded plaintiff costs and attorney’s fees, unanimously modified, on the law and in the exercise of discretion, to vacate the award of costs and attorney’s fees, and otherwise affirmed, without costs.
The court providently granted plaintiff’s motion to quash subpoenas seeking to depose three physicians who treated her for prior injuries which were allegedly exacerbated as a result of the subject accident. Otis has not shown that the testimony sought is unrelated to diagnosis and treatment and is the only means of discovering the information sought (see Matter of New York City Asbestos Litig., 87 AD3d 467 [1st Dept 2011]; Ramsey v New York Univ. Hosp. Ctr., 14 AD3d 349, 350 [1st Dept 2005]). In this regard, plaintiff has exchanged authorizations allowing Otis to obtain copies of her medical records from these physicians and to speak with them regarding her prior injuries, and has admitted that the handwriting on certain forms contained in those physicians’ records belongs to her. In addition, Otis can, to the extent it has not already done so, obtain authorizations for prior diagnostic testing.
Although we find that Otis’ position lacks legal merit and is not sufficient to compel disclosure, it was not “so egregious as to constitute ‘frivolous conduct’ within the meaning of 22 NYCRR 130-1.1” (Parametric Capital Mgt., LLC v Lacker, 26 AD3d 175, 175 [1st Dept 2006]). Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.