# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1395

CA 13-00929

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

KRISTEN M. HEIMBACH, PLAINTIFF-APPELLANT,

V                                         MEMORANDUM AND ORDER

STATE FARM INSURANCE, DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (JOSEPH A. CANEPA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered September 13, 2012.  The order, among other things, denied in part the motion of plaintiff to compel defendant to produce its entire claim file and to compel certain representatives of defendant to appear for depositions.

It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by granting plaintiff's motion in its entirety and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action to recover supplementary underinsured motorist (SUM) coverage pursuant to an automobile liability insurance policy issued by defendant, and thereafter moved to compel defendant to produce its entire claim file and to compel representatives of defendant, including the representative who handled plaintiff's claim, to appear for depositions.  Supreme Court granted the motion only in part but, substituting our discretion for that of the court, we conclude that the motion should be granted in its entirety (*see Daniels v Rumsey*, 111 AD3d 1408, 1409; *see generally Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745).  We therefore modify the order accordingly.  Given the scope of the liability and damages issues framed by the pleadings, we conclude that plaintiff's request for the entire claim file was not palpably improper and that the disclosure was "material and necessary" for the prosecution of plaintiff's action (CPLR 3101 [a]; *see generally Cain v New York Cent. Mut. Fire Ins. Co.*, 38 AD3d 1344, 1344; *Gibson v Encompass Ins. Co.*, 23 AD3d 1047, 1047-1048).  Furthermore, defendant failed to meet its burden of establishing that those parts of the claim file withheld from discovery by the court contain material that is privileged or otherwise exempt from discovery (*see Gibson*, 23 AD3d at 1048; *Bombard v Amica Mut. Ins. Co.*, 11 AD3d

647, 648). Inasmuch as plaintiff established that defendant's claim representative directly responsible for handling plaintiff's claim possesses "material and necessary" information regarding the action (CPLR 3101 [a]), that part of plaintiff's motion seeking to compel his deposition also should have been granted.