■ MICHAEL TUZZOLINO, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant. [22 NYS3d 430]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 21, 2015, which, to the extent appealed from, granted plaintiff's motion to quash subpoenas served by defendant on three of plaintiff's nonparty treating health care providers, and for a protective order staying the depositions of those providers, unanimously affirmed, without costs.

In July 2013, the 23-year-old plaintiff was injured at a plant owned by defendant when the extension ladder on which he was standing "slipped out from beneath" him, causing him to fall onto a concrete floor. Plaintiff sustained a hairline fracture of the left wrist, as well as injuries to the lower back, right leg and foot. He sought treatment from, among others, a spinal surgeon, a physiatrist, and a licensed clinical social worker. Plaintiff underwent lumbar laminectomy surgery in April 2014.

Plaintiff commenced this action alleging violations of the Labor Law. The providers' treatment notes and medical records were furnished to defendant as part of discovery. Nonetheless, defendant served nonparty subpoenas on the providers. As justification for the disclosure, defendant asserted that "the witness is more likely than not to have information unavailable to defendants through any other source concerning the medical care and treatment at issue in this case." No other justification was offered for the disclosure sought.

Plaintiff moved to quash the subpoenas and sought a protective order pursuant to CPLR 3103 staying the depositions. Defendant opposed, asserting that the depositions were necessary because of alleged inconsistencies in the records of the treating physicians and discrepancies between their records and plaintiff's deposition testimony. The motion court granted plaintiff's motion to quash the subpoenas and granted a protective order as to depositions. We now affirm.

Defendant has failed to show that the testimony sought is unrelated to diagnosis and treatment and is the only method of discovering the information sought (*see Carson v Hutch Metro Ctr., LLC*, 110 AD3d 468 [1st Dept 2013]; *Ramsey v New York Univ. Hosp. Ctr.*, 14 AD3d 349, 350 [1st Dept 2005]). Defendant seeks testimony from plaintiff's physicians regarding, inter alia, whether the spinal surgery Dr. Merola performed on plaintiff was premature or unwarranted. This information "relates directly to diagnosis and treatment" (*Matter of New York City Asbestos Litig.*, 87 AD3d 467, 468 [1st Dept 2011]; *Carson*, 110 AD3d 468). If defendant is of the view that the surgery was unwarranted, the treating providers' records are available for review by defendant's experts, who can offer their own testimony as to whether the surgery was warranted* (*see Matter of New York City Asbestos Litig.*, 87 AD3d at 468). We note that the information sought is available from the physician's records (*see id.*). Concur—Acosta, J.P., Andrias, Manzanet-Daniels and Kapnick, JJ. ▮

---

* The reluctance to perform surgery until conservative options had been exhausted hardly suggests a nefarious or fraudulent motive, as defendant asserts. Physical therapy and epidural injections having failed to alleviate plaintiff's pain, it is understandable that surgery would be considered.