Birro v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 00073)





Birro v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 00073


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10740N 156590/16E

[*1] Joseph Birro, Jr., Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, et al., Defendants-Appellants.


London Fischer LLP, New York (Brian A. Kalman of counsel), for appellants.
The Perecman Firm PLLC, New York (Peter D. Rigelhaupt of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered February 7, 2019, which denied defendants' motion for leave to depose plaintiff's treating physicians, unanimously affirmed, without costs.
The court exercised its discretion in a provident manner in denying defendants' motion for leave to depose two physicians, one who treated plaintiff for prior injuries, and another who treated plaintiff following the accident at issue. Defendants failed to show that plaintiff's statements as recorded by the physicians conflicted with his deposition testimony (compare Schroder v Consolidated Edison Co. of N.Y., 249 AD2d 69, 70-71 [1st Dept 1998]). Absent proof of a discrepancy between the medical records and plaintiff's testimony, defendants failed to show that the deposition of the physicians was material and necessary to their defense (see CPLR 3101[a]). Furthermore, defendants failed to demonstrate that the physicians' testimony regarding plaintiff's spine and knee conditions would be unrelated to their diagnosis and treatment, and is the only avenue of discovering the information sought (see Tuzzolino v Consolidated Edison Co. of N.Y., 135 AD3d 447 [1st Dept 2016]; Ramsey v New York Univ. Hosp. Ctr., 14 AD3d 349 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK