█ A. DAVID SCHWARTZ, P. C., Appellant, v JAE CHAN KIM, Respondent. — In an action, *inter alia,* for an accounting, plaintiff appeals from an order of the Supreme Court, Rockland County, dated February 13, 1979, which denied a motion to strike defendant's affirmative defenses or, in the alternative, to preclude defendant from introducing evidence with respect to the second affirmative defense. Order affirmed, with $50 costs and disbursements. Valid defenses to a claim that a defendant has breached the restrictive covenant of a contract exist where (1) the contract provides that upon its termination neither party has any rights against the other or (2) the contract had been terminated as a result of plaintiff's bad faith (see *Gelder Med. Group v Webber,* 41 NY2d 680). Concerning plaintiff's contention that defendant be precluded from asserting the latter defense due to his refusal to provide certain information at pretrial discovery, the record reflects only that in arguing the motion to preclude the defense, defense counsel agreed to supply the requested names. If in fact counsel reneged on the agreement or plaintiff has concluded that further information is required, the proper procedure would be to renew its motion before the trial court. Mollen, P. J., Hopkins, Mangano and Cohalan, JJ., concur.