■ Robert Mead, Appellant, v Ronald R. Benjamin, Respondent, et al., Defendant. [607 NYS2d 472] —White, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered April 28, 1993 in Broome County, which granted defendant Ronald R. Benjamin's motion to conduct a pretrial deposition of plaintiff's expert witness.

This is an action for negligent legal representation brought by plaintiff against his former attorneys as a result of a foreclosure action taken by the Farmers Home Administration (hereinafter FMHA) against plaintiff. Defendant Ronald R. Benjamin (hereinafter defendant) answered and counterclaimed for moneys owed for legal services. Defendant moved to depose plaintiff's expert witness, Supreme Court granted the motion, limiting the examination to the substance of the expert's factual basis, and this appeal followed.

Plaintiff contends that Supreme Court's order was improper because defendant has failed to show special circumstances as required by CPLR 3101 (d) (1) (iii). It appears from the record that plaintiff's expert, Russell Hodnett, submitted a six-paragraph affidavit in which he set forth his qualifications and familiarity with the FMHA loan service programs for delinquent farm borrowers, and gave his opinion that if plaintiff had submitted a properly completed application, "some form of relief would have been granted to him which would have prevented the foreclosure of his farm and enabled him to return to the profitable operation of his farm". Hodnett further opined that FMHA would have restructured plaintiff's

mortgage, assisted plaintiff in arranging financing for his other obligations and loaned additional moneys to enable him to carry on a successful dairy farm operation. Defendant contends that this opinion is without factual basis and contrary to plaintiff's claimed status as a dairy farmer because plaintiff's affidavit stated, *inter alia,* that he lost his milk market in 1983.

As a general rule the granting or denial of discovery is a discretionary matter and Supreme Court has considerable latitude in supervising disclosure *(Hirschfeld v Hirschfeld,* 69 NY2d 842; *Graf v Aldrich,* 94 AD2d 823). Although the "special circumstances" requirement of CPLR 3101 (d) (1) (iii) is more than a nominal barrier to discovery, and mere conclusory allegations that discovery is necessary are insufficient *(232 Broadway Corp. v New York Prop. Ins. Underwriting Assn.,* 171 AD2d 861), courts have been willing to authorize disclosure directly from the expert under this statute *(Rosario v General Motors Corp.,* 148 AD2d 108).

In view of the fact that considerable latitude should be given to the trial court, and in light of the unique factual situation presented in the instant case, we find that Supreme Court properly exercised its discretion in allowing a limited deposition of plaintiff's expert.

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.