ERICA K. ANDERSEN, Respondent, v CORNELL UNIVERSITY et al., Appellants. [638 NYS2d 852] —Peters, J.

Plaintiff brought this personal injury action for assault, battery and negligence seeking damages which she claims to have sustained in September 1992 as the result of an alleged rape perpetrated by defendant Michael O'Gorman at a house leased to defendant Zeta Psi Fraternity by defendant Cornell University. In the course of her examination before trial, plaintiff, upon advice of counsel, refused to answer questions regarding the identities of persons with whom she had engaged in sexual intercourse both before and after the alleged rape, including the specific sexual positions she had assumed during these encounters. Defendants then made a motion before Supreme Court for an order compelling plaintiff to answer these questions. Supreme Court ruled that plaintiff would not be compelled to answer any questions regarding whether she had ever had sexual relations with certain individuals named in the questions at issue and that she would not be required to identify by name any other sexual partners or to describe her relationship with them. Defendants appeal.

This appeal must be dismissed on the ground that Supreme Court's order is not appealable as of right. Orders which determine the scope of questions for which answers will be compelled at an examination before trial may not be appealed without leave of this Court (*see, Pinkans v Hulett*, 156 AD2d 877, 878; *Matter of Beeman*, 108 AD2d 1010, 1011).

Even if this Court were to grant defendants leave to appeal from Supreme Court's order, we would affirm it. The determination of matters relating to disclosure lies within the discretion of the court at nisi prius as it is in "the best position to determine what is material and necessary" (*Jackson v Dow Chem. Co.*, 214 AD2d 827, 828). We find no abuse of Supreme Court's discretion here (*see, Grems v City of Oneida*, 206 AD2d 732; *Mead v Benjamin*, 201 AD2d 796; *Blank v Schafrann*, 180 AD2d 886).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the appeal is dismissed, with costs.