■ DEBORAH DOLBACK et al., Respondents, v GEORGE REEVES, JR., et al., Appellants. [696 NYS2d 270] —Cardona, P. J. Appeal from an order of the Supreme Court (Viscardi, J.), entered October 8, 1998 in Essex County, which, *inter alia*, denied defendants' cross motions to compel plaintiff Deborah Dolback to provide certain discovery material and limited the allowable scope of inquiry during her examination before trial.

In July 1995 while working at a supermarket in the Town of Ticonderoga, Essex County, plaintiff Deborah Dolback (hereinafter plaintiff) witnessed a customer attempt to steal merchandise. She was asked by defendant George Reeves, Jr., a police officer investigating the incident, to give a statement and went to the police station for that purpose. While at the police station, Reeves allegedly perpetrated a sexual assault upon plaintiff. Thereafter, plaintiff and her husband, derivatively, commenced this action against Reeves and defendant Town of Ticonderoga alleging, *inter alia*, causes of action for assault and battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of 42 USC § 1983. As part of the action, plaintiff claimed, *inter alia*, that the incident adversely affected her sexual relationship with her husband.

Following joinder of issue, plaintiffs moved for an order directing defendants to respond to certain discovery demands. Defendants, in turn, cross-moved for an order, *inter alia*, compelling plaintiff to provide authorizations allowing access to her school records and to submit to questioning at an examination before trial concerning her sexual history without regard to time limitations. Supreme Court, *inter alia*, denied defendants' cross motions to the extent of refusing access to plaintiff's school records; however, the court granted defendants' request to question plaintiff about her sexual history limited to the time period subsequent to June 1983. Defendants appeal.

Initially, we note that while the "[d]isclosure provisions of the CPLR are to be liberally construed * * * the scope of

permissible discovery is not entirely unlimited and the trial court is invested with broad discretion to supervise discovery and to determine what is 'material and necessary' as that phrase is used in CPLR 3101 (a)" (*NBT Bancorp v Fleet/ Norstar Fin. Group*, 192 AD2d 1032, 1033). Whether information is "material and necessary" turns upon its ability to " 'assist preparation for trial by sharpening the issues and reducing delay and prolixity' " (*Allegretti-Freeman v Baltis*, 205 AD2d 859, 860, quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406; *see, Washburn v Lawrence & Co.*, 222 AD2d 878, 879). "The test is one of usefulness and reason" (*Allen v Crowell-Collier Publ. Co.*, supra, at 406; *see, Santiago v Pyramid Crossgates Co.*, 243 AD2d 955).

Turning first to Supreme Court's ruling limiting defendants' questioning of plaintiff about her sexual history to the time period subsequent to June 1983, we note that "[o]rders which determine the scope of questions for which answers will be compelled at an examination before trial may not be appealed without leave of this Court" (*Andersen v Cornell Univ.*, 225 AD2d 946; *see, Pinkans v Hulett*, 156 AD2d 877, 878). Inasmuch as permission of this Court was not obtained by defendants herein, their appeal from that part of the order is dismissed. Even if we treated defendants' notice of appeal as an application for leave to appeal, on the merits we would find that Supreme Court did not abuse its discretion in limiting the questioning. Plaintiff's claim of sexual dysfunction was confined to her relationship with her husband whom she married in June 1983. Absent a more persuasive demonstration by defendants that plaintiff's sexual activities prior to that time were "material and necessary" (CPLR 3101 [a]) to resolution of the matter at hand, we would find no reason to disturb Supreme Court's ruling.

Likewise, we find no abuse of discretion in Supreme Court's denial of access to plaintiff's school records. Initially, we note that Supreme Court granted defendants' request for discovery of plaintiff's pre-1995 medical records pertaining to her psychological or sexual dysfunction problems. Although plaintiff testified that her mother had abused her as a child, there was no evidence that the abuse was of a sexual nature. Moreover, at the time of the incident, nearly 20 years had passed since plaintiff was in school. Under these particular circumstances, we cannot say that Supreme Court abused its discretion.

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.