■ PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, Appellant, v SCOTT A. BRITTENHAM, Respondent. [727 NYS2d 142] —In an action, inter alia, for a judgment declaring that the plaintiff is not liable to the defendant under the terms of a disability insurance policy, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), entered July 5, 2000, as denied its motion to extend the discovery deadline.

Ordered that the order is affirmed insofar as appealed from, with costs.

The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised (see, Dolback v Reeves, 265 AD2d 625; DeSilva v Rosenberg, 261 AD2d 503; Kaplan v Herbstein, 175 AD2d 200; Dunsmore v Paprin, 114 AD2d 836). By order entered August 10, 1999, the Supreme Court allowed the plaintiff to depose six nonparty witnesses (out of 18 requested), all outside of New York State, provided that the plaintiff obtained its commissions for these depositions by September 10, 1999. The plaintiff did not obtain its commissions until February 2000. Notwithstanding an extension of time granted

to it by the defendant, the plaintiff did not make proper arrangements to depose any of the individuals by the court-imposed discovery deadline of March 31, 2000. Under the circumstances, including the fact that the original discovery cut-off date was October 9, 1998, the Supreme Court providently exercised its discretion by refusing to grant further extensions of time for disclosure, and concluding that the plaintiff had waived the right to conduct additional depositions.

The plaintiff's remaining contentions are without merit. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.