■ WINIFRED DAVIS et al., Appellants, v EDDY COHOES REHABILITATION CENTER, Respondent. [762 NYS2d 530] —Rose, J. Appeal from an order of the Supreme Court (Benza, J.), entered February 4, 2003 in Albany County, which denied plaintiffs' motion to compel discovery.

Plaintiffs brought this action to recover for injuries sustained by plaintiff Winifred Davis when she slipped and fell while convalescing at defendant's facility in December 1998. Pursuant to the parties' agreement concerning disclosure, plaintiffs conducted an examination before trial of Albert Pasinella, defendant's administrator. In the course of this examination, Pasinella was unable to answer several questions. However, he agreed to supply the requested information at a later date. Also, when he was asked a hypothetical question regarding physical therapy, defendant's counsel objected as to form and instructed Pasinella not to answer it. Plaintiffs did not rephrase or restate the question and, instead, made a motion for an order compelling Pasinella to answer it. Supreme Court denied the motion, prompting this appeal.

Orders denying requests to compel answers to questions at an examination before trial may not be appealed as a matter of right (*see Forte v Franklin Gen. Hosp.*, 185 AD2d 914, 914 [1992]; *Matter of Beeman*, 108 AD2d 1010, 1011 [1985]), and plaintiffs did not obtain leave. In any event, Supreme Court is in the best position to assess what is material and necessary during disclosure and, inasmuch as plaintiffs gave the court no meaningful explanation as to why the information sought would be material and necessary, we find no abuse of discretion here (*see Kozuch v Certified Ambulance Group*, 301 AD2d 840, 841 [2003]; *Andersen v Cornell Univ.*, 225 AD2d 946, 947 [1996]). To the extent that defendant has, during the pendency of this appeal, again agreed to provide the missing information, but has not yet provided it, the appropriate remedy is for plaintiffs to apply to Supreme Court for an order enforcing that

agreement (*see Schwartz v Jae Chan Kim*, 79 AD2d 1000, 1000 [1981]).

Mercure, J.P., Crew III and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.