■ ANTONIA CABELLERO, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [853 NYS2d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated November 17, 2004, which denied her motion to compel the defendant City of New York to provide copies of all contracts and records relating to a certain capital project.

Ordered that the order is affirmed, with costs.

"The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (*Provident Life & Cas. Ins. Co. v Brittenham,* 284 AD2d 518, 518 [2001]; *see Olexa v Jacobs,* 36 AD3d 776, 777 [2007]; *Setsuo Ito v Dryvit Sys.,* 5 AD3d 735 [2004]). The Supreme Court providently exercised its discretion in denying the plaintiff's motion to compel the defendant City of New York (hereinafter the City) to provide copies of all contracts and records relating to a certain capital project. The record reveals that the City had complied with a prior order directing it to make available for inspection, at either the office of the corporation counsel or the appropriate City agency, "[c]ontracts and all related contract documents (i.e. progress reports)" for two years prior to and including the date of the occurrence. Furthermore, the production of copies of all relevant contracts and records should not be compelled to the extent that they are available as a matter of public record (*see* Public Officers Law §§ 86, 87; *Blagrove v Cox,* 294 AD2d 526 [2002]; *Penn Palace Operating v Two Penn Plaza Assoc.,* 215 AD2d 231 [1995]; *Matter of Beryl,* 118 AD2d 705, 707 [1986]). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.