Encalada v Riverside Retail, LLC (2019 NY Slip Op 06066)





Encalada v Riverside Retail, LLC


2019 NY Slip Op 06066


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-10149
 (Index No. 5276/15)

[*1]Simon Encalada, appellant, 
v
Riverside Retail, LLC, et al., defendants, NYC Elite Gymnastics III, Inc., etc., et al., respondents (and a third-party action).


Oresky & Associates, PLLC, Bronx, NY (John J. Nonnenmacher of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Michelle L. Meiselman of counsel), for respondents NYC Elite Gymnastics III, Inc., and NIMA Holdings, Ltd.
Torino & Bernstein, P.C., Garden City, NY (Bruce A. Torino of counsel), for respondent R & B Design Concepts, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated June 21, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants NYC Elite Gymnastics III, Inc., and NIMA Holdings, Ltd., which was pursuant to CPLR 3124 to compel the plaintiff to submit to a vocational rehabilitation examination.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In April 2015, the plaintiff commenced this personal injury action against the defendants NYC Elite Gymnastics III, Inc. (hereinafter NYC Elite), NIMA Holdings, Ltd. (hereinafter NIMA Holdings), and R & B Design Concepts, Inc. (hereinafter R & B Design), among others, alleging violations of the Labor Law. Prior to the expiration of time to notice medical examinations, the plaintiff filed a note of issue dated November 14, 2017, certifying the action ready for trial. NYC Elite and NIMA Holdings (hereinafter together the defendants) moved, and R & B Design separately moved, inter alia, to vacate the note of issue on the ground that it was premature, and to compel the plaintiff to submit to a medical examination. By order dated January 11, 2018, the Supreme Court denied those branches of the motions which were to vacate the note of issue, but directed that medical examinations be noticed within 15 days thereof (hereinafter the January 2018 order). By letter dated January 25, 2018, the defendants noticed the plaintiff to appear for a medical examination to be conducted by a vocational rehabilitation specialist on February 26, 2018. The plaintiff failed to answer the notice or appear for the examination. Following the plaintiff's failure to appear for the examination, the defendants' counsel wrote to counsel for the plaintiff, by letter dated March 23, 2018, seeking compliance with the court order. As of April 10, 2018, the plaintiff had yet to respond. By notice of motion dated April 10, 2018, the defendants moved, inter alia, [*2]pursuant to CPLR 3124 to compel the plaintiff to submit to the examination. By order dated June 21, 2018, the court granted that branch of the motion and directed the plaintiff to appear for a vocational rehabilitation examination. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court was not required to deny that branch of the defendants' motion on the ground that the defendant failed to submit an affirmation attesting to a good faith pre-motion attempt to resolve the dispute with the plaintiff. While it may be the better practice for the movant to detail such good faith efforts in an affirmation separate from the affirmation addressing the merits of the motion, under the circumstances of this case, the requirements of 22 NYCRR 202.7(c) were satisfied by the primary affirmation of counsel submitted in support of the motion wherein counsel detailed her efforts to obtain the plaintiff's compliance with the extant court order, including the failure of the plaintiff to appear for a duly noticed examination and the failure of the plaintiff's counsel to respond to correspondence, submitted with the defendants' motion papers, seeking the plaintiff's voluntary cooperation. Thus, the defendants amply demonstrated that the plaintiff was refusing to voluntarily cooperate with a court-ordered examination (see Loeb v Assara N.Y. I L.P., 118 AD3d 457, 458; cf. Murphy v County of Suffolk, 115 AD3d 820).
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." " The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised'" (Cabellero v City of New York, 48 AD3d 727, 728, quoting Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547, 549; Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799).
Here, the January 2018 order directed that medical examinations be noticed within 15 days thereof, and held within 30 days thereafter. In accordance with this order, by letter dated January 25, 2018, the plaintiff was noticed and directed to appear for a medical examination to be conducted by a vocational rehabilitation specialist on February 26, 2018. The plaintiff failed to respond to the notice or appear for the examination. Given the nature of this action and the parties' past discovery disputes, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3124 to compel the plaintiff to submit to a vocational rehabilitation examination (see CPLR 3121; Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952; McAlwee v Westchester Health Assoc., PLLC, 163 AD3d 547; Cabellero v City of New York, 48 AD3d 727; cf. Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court