Matter of Metro-North Train Acc. of Feb. 3, 2015 (2019 NY Slip Op 09005)





Matter of Metro-North Train Acc. of Feb. 3, 2015


2019 NY Slip Op 09005


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
LINDA CHRISTOPHER, JJ.


2018-03232
 (Index No. 64924/15)

[*1]In the Matter of Metro-North Train Accident of February 3, 2015, in the town of Mount Pleasant, New York. Jill Shiner Vandercar, etc., et al., respondents; Metro-North Commuter Railroad, et al., appellants.


Landman Corsi Ballaine & Ford P.C., New York, NY (William G. Ballaine, Philip J. DiBerardino, and Daniel Friedman of counsel), for appellants Metro-North Commuter Railroad, Metropolitan Transportation Authority, Argent Ventures, LLC, and Midtown TDR Ventures.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Kenneth E. Pitcoff, and Andrea M. Alonso of counsel), for appellant Town of Mount Pleasant.
The Perecman Firm, PLLC, New York, NY (Steven B. Dorfman of counsel), for respondent Nancy Liedtke and on behalf of the plaintiffs' Steering Committee.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for wrongful death and personal injuries, the defendants Metro-North Commuter Railroad, Metropolitan Transportation Authority, Argent Ventures, LLC, and Midtown TDR Ventures appeal, and the defendant Town of Mount Pleasant separately appeals, from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated February 26, 2018. The order, insofar as appealed and separately appealed from, granted the plaintiffs' motion to compel certain discovery and/or for sanctions pursuant to CPLR 3126 to the extent of directing the appellants to provide certain supplemental responses to the plaintiffs' discovery requests by no later than March 26, 2018, under threat of preclusion.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
This action consolidates, for discovery and trial, 19 actions to recover damages for wrongful death and personal injuries arising from the February 3, 2015, collision between a northbound Metro-North commuter train and a car in the Commerce Street Highway Rail Grade crossing, in the Town of Mount Pleasant. The plaintiffs include, among others, passengers on the train, the estate of the individual who operated the car, and the train's conductor. After the train collided with the car, the third rail of the tracks pierced through the car and the train, causing a fire. Five passengers, as well as the operator of the car, died in the accident, and numerous other passengers were injured. The plaintiffs commenced actions against Metro-North Commuter Railroad and Metropolitan Transportation Authority, as the railroad operators, and Argent Ventures, LLC, and Midtown TDR Ventures, as owners of the track and the underlying land (hereinafter collectively the [*2]Metro-North defendants). The plaintiffs also named the Town as a defendant. These appeals concern disputes over discovery.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837; see Honghui Kuang v MetLife, 159 AD3d 878, 881). CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The phrase material and necessary' should be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason'" (Friel v Papa, 56 AD3d 607, 608, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518; see Cabellero v City of New York, 48 AD3d 727, 728).
Here, given the nature of this action and the parties' past discovery disputes, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion to compel certain discovery and/or for sanctions pursuant to CPLR 3126 to the extent of directing the Metro-North defendants and the Town to provide certain supplemental responses to the plaintiffs' subject discovery requests by no later than March 26, 2018, under threat of preclusion.
Contrary to the appellants' contentions, the Supreme Court properly included conditional preclusion language in its order without making a finding of wilfulness. "A conditional order of preclusion requires a party to provide certain discovery by a date certain, or face the sanctions specified in the order" (McIntosh v New York City Partnership Dev. Fund Co., Inc., 165 AD3d 1251, 1252 [internal quotation marks omitted]; see Torres v Dayton Hudson Corp., 171 AD3d 827, 828-829). " With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful'" (Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82, quoting Siegel, N.Y. Prac § 367 at 608 [4th ed 2005]; see Felice v Metropolitan Diagnostic Imaging Group, LLC, 170 AD3d 960, 963).
The appellants' remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, LEVENTHAL and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court