Umana v Tower E. Condominium (2022 NY Slip Op 04994)

Umana v Tower E. Condominium

2022 NY Slip Op 04994

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2020-03969
 (Index No. 712270/18)

[*1]Juan Umana, respondent, 
v
Tower East Condominium, et al., appellants, et al., defendants (and a third-party action).

Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY (Joseph A. H. McGovern of counsel), for appellants.
Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., New York, NY (Nicholas Papain and Stephen C. Glasser of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Tower East Condominium, Board of Managers of the Tower East Condominium, Osmar Kusumo, as the President of the Board of Managers of the Tower East Condominium, Tower East Condominium, Inc., and Fairfield Properties, LLC, appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 28, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was to vacate the note of issue.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of being struck by the top of a water tower that fell from the roof of a condominium building. After the plaintiff filed a note of issue in the action, the defendants Tower East Condominium, Board of Managers of the Tower East Condominium, Osmar Kusumo, as the President of the Board of Managers of the Tower East Condominium, Tower East Condominium, Inc., and Fairfield Properties, LLC (hereinafter collectively the defendants), moved, inter alia, to vacate the note of issue. The Supreme Court denied that branch of the motion, but required the plaintiff to submit to certain further medical examinations and a limited, further deposition, within 90 days of the order. The defendants appeal.
"'The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court'" (Encalada v Riverside Retail, LLC, 175 AD3d 467, 469, quoting Cabellero v City of New York, 48 AD3d 727, 728 [internal quotation marks omitted]). Here, the Supreme Court did not improvidently exercise its discretion in declining to vacate the note of issue, while directing the plaintiff to submit to additional discovery, not previously demanded, within a reasonable time period (see Narissi v Hussain, 88 AD3d 860; Encarnacion v Monier, 81 AD3d 875).
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court