Sakandar v American Tr. Ins. Co. (2023 NY Slip Op 03500)

Sakandar v American Tr. Ins. Co.

2023 NY Slip Op 03500

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-09241
 (Index No. 707562/19)

[*1]Iqbal Sakandar, appellant, 
v
American Transit Insurance Company, respondent.

The Law Office of Jason Tenenbaum, P.C., Garden City, NY, for appellant.
Short & Billy, P.C., New York, NY (Andrew S. Midgett and Christopher O'Donnell of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover no-fault insurance benefits for lost wages, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 1, 2020. The order denied that branch of the plaintiff's motion which was to compel discovery without prejudice to renew.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant insurance company, inter alia, to recover no-fault benefits for lost wages arising out of a 2016 motor vehicle accident. The plaintiff served discovery demands on the defendant. Thereafter, following the defendant's responses, in 2020, the plaintiff moved, among other things, to compel the defendant to respond to the discovery demands. In an order entered December 1, 2020, the Supreme Court denied that branch of the plaintiff's motion without prejudice to renew. The court determined that the motion papers were missing copies of the discovery demands served on the defendant and details about what discovery remained outstanding. The plaintiff appeals.
"'Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Matter of Metro-North Train Acc. of Feb. 3, 2015, 178 AD3d 929, 930, quoting Morales v Zherka, 140 AD3d 836, 836-837; see Honghui Kuang v MetLife, 159 AD3d 878, 881). CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The phrase 'material and necessary' should be 'interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason'" (Friel v Papa, 56 AD3d 607, 608, quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518; see McBride v City of New York, 208 AD3d 579, 580).
Contrary to the plaintiff's contention, the Supreme Court properly denied, without prejudice, that branch of his motion which was to compel discovery. The motion papers failed to include copies of the discovery requests served on the defendant or a list of the discovery that remained outstanding.
Under the circumstances, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion without prejudice to renew.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court