Cavounis v Azour (2023 NY Slip Op 03676)

Cavounis v Azour

2023 NY Slip Op 03676

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06993
 (Index No. 708540/20)

[*1]Christopher Cavounis, respondent,
v
Youseff Azour, et al., defendants, Ronen Shiponi, etc., appellant.

Kritzer Law Group, Smithtown, NY (Karl Zamurs of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the defendant Ronen Shiponi appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated September 8, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3124 to compel the plaintiff to comply with certain discovery demands
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On August 29, 2014, the plaintiff commenced this action against Yousef Azour, Crown Plaza Ltd., A2Z Development Corp., Azour, LLC (hereinafter collectively the Azour defendants), and Ronen Shiponi. He asserted causes of action sounding in, inter alia, breach of contract, conversion, unjust enrichment, and breach of fiduciary duty against the Azour defendants, and sounding in legal malpractice and breach of fiduciary duty against Shiponi.
Shiponi served upon the plaintiff a notice for discovery and inspection dated June 4, 2018. The plaintiff did not respond, and Shiponi moved, inter alia, pursuant to CPLR 3124 to compel the plaintiff to respond. By order entered March 20, 2019, the Supreme Court, among other things, denied that branch of the motion, determining, inter alia, that the evidence sought was outside the scope of the litigation.
After the plaintiff appeared for an examination before trial, Shiponi served a notice for discovery and inspection dated December 19, 2019. The plaintiff failed to respond, and Shiponi moved, inter alia, pursuant to CPLR 3124 to compel the plaintiff to respond to the notice for discovery and inspection dated December 19, 2019. By order dated September 8, 2020, the Supreme Court, among other things, denied that branch of the motion, once again determining that the evidence sought was outside the scope of the litigation. Shiponi appeals, and we affirm.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." "The supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are within the sound discretion of the Supreme Court. The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Provident Life & Cas. Ins. Co. v Brittenham, 284 AD2d 518, 518). "A [*2]motion to compel responses to demands and interrogatories is properly denied where the demands and interrogatories seek information which is irrelevant, overly broad, or burdensome" (Bennett v State Farm Fire & Cas. Co., 189 AD3d 749, 750). Here, the Supreme Court providently exercised its discretion in denying that branch of Shiponi's motion which was pursuant to CPLR 3124 to compel the plaintiff to comply with the notice for discovery and inspection dated December 19, 2019, as that discovery demand sought information that was not relevant to the issues in this action (see id.).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court